[No. 2706.   June 7, 1923.   Rehearing Denied July 28, 1923.]

## ARMIJO v. ARMIJO

### SYLLABUS BY THE COURT

1.   The failure of the husband to comply with an order allowing alimony, attorney's fee, and court costs, is prima facie evidence of contempt, and the burden rests upon him to prove his inability to comply therewith, where such facts are pleaded in justification of such failure.

2.   Where the husband admits, in his answer to an order to show cause why he should not be punished for contempt, that he owns a seven-room house, two vacant lots, and eight acres of farming lands, four acres of which are conceded to belong to the separate estate of the wife, and no evidence is tendered concerning the value of such property, nor the price at which it could be sold, the court is warranted in holding that no defense is pleaded and in proceeding to punish for contempt.

3.   A judgment of contempt, which commits one to jail for a definite term or until the further order of the court in the premises, is not void for uncertainty; the latter phrase being employed merely to retain in the court the power to terminate the imprisonment before its expiration upon satisfactory cause being shown.

Appeal from District Court, Valencia County; Ryan, Judge.

Suit by Gertrudes Luna de Armijo against Macedonio Armijo. Defendant was adjudged guilty of contempt, and he appeals. Affirmed.

W. J. Eaton, of Socorro, for appellant.

OPINION OF THE COURT

BRATTON, J.   This suit was instituted by the appellee Gertrudes Luna de Armijo against the appellant Macedonio Armijo to obtain a decree of divorce, an accounting of their properties, alimony, attorney's fees, and court costs.   Upon motions and after hearings, certain orders were made requiring the appellant to pay certain sums upon such accounts.   Upon his default and failure to comply with such orders, this proceeding in the nature of civil contempt was instituted to compel such payment.   In response to such order, he pleaded under oath as follows:

"That he has  not complied with the order of this court requiring him to pay $25 a month alimony to the plaintiff, Gertrudes Luna de Armijo, because he has been and is now unable to comply with this order; that he has no means and no property except that which he reported to the court at the former hearing; that said property does not bring him any income; that he is old, nearly blind, and physically infirm, unable to work, and is hardly able to support himself; that the property which was taken from him under the order of this court in 1920, consisting of 1,000 pounds of flour, 5 hogs, 485 pounds of beans, was the last property that he has been able to accumulate; that since then and for the past two years his crop has been a total failure, the flood waters carried away all his crop in 1920 and also in 1921; that he is unable to comply with the order to pay $25 a month alimony because he cannot earn that much, and only earns sufficient to support himself; that he has no desire to disregard or disobey the order of the court, but has no means to comply with it."

The trial court held that this answer stated no defense, and without hearing evidence held the appellant to be in contempt and ordered him confined in the jail of Valencia county until the further order of the court in the premises, or until he should purge himself of such contempt by complying with the order of the court.   From such judgment and sentence, this appeal has been perfected.

It is first contended by the appellant that the court erred in holding that his answer stated no defense.   It is the declared law that inability on the part of the hus-

band, which is not due to his own fault, to perform or comply with a judgment allowing alimony, attorney's fees, and court costs, constitutes a complete defense to a charge of contempt. 1 R. C. L. p. 962; 13 C. J. p. 19, and authorities there cited.

[1] The burden, however, was upon the appellant to affirmatively show his inability to make the payments required of him. It is presumed that the court considered his ability to make such payments, as well as the needs of his wife, at the time the order requiring them to be made was enrolled, and when inability is tendered in justification of a failure to comply with such an order the burden rests upon the respondent to affirmatively show such inability. 1 R. C. L. p. 962; In re Canavan, 17 N. M. 100, 130 Pac. 248; State v. Cook, 66 Ohio St. 566, 64 N. E. 567, 58 L. R. A. 625; State v. Smith, 17 Wash. 430, 50 Pac. 52; Hurd v. Hurd, 63' Minn. 443, 65 N. W. 728; Shaffner v. Shaffner. 212 Ill., 492, 72 N. E. 447; Wells v. Wells, 46 Okl. 88, 148 Pac. 723; Ramsay v. Ramsay, 125 Miss 185, 87 South. 491, 14 A. L. R. 712.

[2, 3] In this case, however, the court heard no evidence, but determined from the fact of the answer that it stated no defense and thereupon held the appellant to be in contempt. In this connection it must be noted that the answer admitted that the appellant owned certain property which he reported to the court at a former hearing. While this answer does not otherwise describe such property, it appears elsewhere in the record that such property consists of a good seven-room adobe house, two vacant lots, and eight acres of farming land, four acres of which is conceded to be the separate property of the appellee, all of which is situated in the village of San Juan. There is no evidence shown in the record concerning the value of this property, nor at what price it could be sold. No evidence regarding such fact appears to have beeen tendered. With these facts existing, and the burden resting upon the appellant to affirmatively show his inability to

make the required payments, we think the court was warranted in holding that the answer failed to state a valid defense.

It is lastly contended that the judgment is void for uncertainty. He contends that a judgment must be definite and certain, and must extend to and cover a definite period. The judgment in question provides:

"It is therefore ordered that the defendant, Macedonio Armijo, be confined to the county jail of Valencia county until the further order of the court in the premises, or until he purges himself of said contempt by complying with said orders."

If we correctly understand the contention of the appellant, it is that this judgment is uncertain, because by its terms he is to be confined in the jail of Valencia county until he purges himself of his contempt by making the payments required of him, or until the further order of the court in the premises. With this contention we are unable to agree. The judgment requires the appellant to be kept and confined in such jail for a definite and fixed period, namely, until he has so purged himself in the manner recited, viz., by making the payments required of him. The language, "until the further order of the court in the premises" is merely to retain jurisdiction of the matter so that the imprisonment might be sooner terminated by an order of the court upon satisfactory cause being shown. This is the express holding of this court in the case of In re Canavan, 17 N. M. 100, 130 Pac. 248, wherein it is said:

"Counsel for petitioner contends that the contempt judgment is void by reason of the last clause thereof, as follows: 'Or until further order of the court.' This provision of the judgment is easily distinguishable from decrees in judgments which merely order commitment 'until further order of the court.' In such cases the judgment is indefinite and uncertain, but in cases like the one at bar, where there is a definite term of sentence fixed, the language used should be considered merely as employed to retain in the court the power to terminate the imprisonment before its expiration, according to its terms, upon satisfactory cause shown."

There being no reversible error shown in the record, the judgment should be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.