[Civil No. 2256. Filed January 3, 1925.]

[231 Pac. 921.]

## SAMUEL E. SELPH, Appellant, v. LILLIE SELPH, Appellee.

1. HUSBAND AND WIFE—ONE IN GOOD FAITH UNABLE TO PAY SUPPORT MONEY SHOULD NOT BE ADJUDGED GUILTY OF CONTEMPT.—One unable to pay support money required by decree for separate maintenance should not be adjudged guilty of contempt, unless inability was brought about intentionally to circumvent court's orders.

2. HUSBAND AND WIFE—EVIDENCE HELD INSUFFICIENT TO SHOW INABILITY TO COMPLY WITH DECREE OF SEPARATE MAINTENANCE.— Evidence *held* insufficient to show inability to pay support money required by decree of separate maintenance.

3. DIVORCE—ONE REFUSING WHEN ABLE TO PAY ALIMONY, OR INTENTIONALLY BRINGING ABOUT INABILITY TO PAY, PUNISHABLE FOR CONTEMPT.—One able to pay alimony neglecting and failing to do so, or one who brings about his own inability to pay, may be punished for contempt.

See (1, 2) 30 C. J.; p. 1092.   (3) 19 C. J., pp. 299, 304.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed and cause remanded, with directions.

Mr. Spencer B. Pugh, for Appellant.

Mr. Henry H. Miller, for Appellee.

ROSS, J.—This is an appeal by the husband and father, Samuel E. Selph, from a judgment committing him to jail for contempt in failing to comply with the court's order to pay his wife, Lillie Selph, for the permanent support of herself and the chil-

1. Inability to pay alimony as defense to contempt, see notes in 30 L. R. A. (N. S.) 1001; L. R. A. 1917C, 97. See, also, 1 R. C. L. 962.

3. See 1 R. C. L. 960.

dren of the parties, the sum of $50 per month as provided in decree for separate maintenance theretofore entered. The decree was entered in the superior court of Maricopa county, on June 25, 1923, and by it the appellant was ordered to pay to the clerk of said court, on the twenty-fifth day of each and every month, in advance, said sum for the use of appellee and their three minor children. On August 13, 1923, it being made to appear to the court by affidavit of the attorney for appellee that the appellant had failed to make the payments of June 25th and July 25th, an order was issued, directing him to show cause why he should not be held for contempt, and the hearing thereon was set for August 20, 1923. This order or citation was served on appellant August 14th, in Maricopa county. On August 22d, appellant, not having appeared in response to citation, was ordered brought into court under bench-warrant. On said date appellant was represented by counsel, and being sworn, testified concerning his financial ability in an effort to satisfy the court that he was not able to make the payments as directed, and that he had not willfully disobeyed the court's order or decree. The court thereupon took the matter under advisement until September 17th, on which date appellant was adjudged guilty of contempt, and " . . . committed to the county jail until he purges himself of the said contempt, by the payment of $100; said payment shall be applied on amounts now due under decree of this court."

The appellant contends the evidence showed his inability to comply with the court's order, and that it was therefore error to adjudge him guilty of contempt. This statement contains a correct proposition of law if the inability be not brought about on purpose, and with the idea of circumventing the court's orders. No one should be punished for not

doing what he cannot do. The law does not require impossibilities, but it does exact good faith and an honest and conscientious effort to perform its orders and decrees.

According to the record appellant was regularly employed at wages of $100 per month, board and lodging. It is stated in the agreed statement of facts, or abstract of the testimony:

"That during the period from June 1, 1923, until the 17th day of September, 1923, the date of this hearing, this plaintiff, Samuel E. Selph, had earned about $400, plus his board and room."

This appellant accounted for as follows: In June, 1923, he purchased an Overland automobile, paying $280 cash thereon; repaid some borrowed money—to whom and amount not shown; assigned equity in automobile to a friend as security for money borrowed; wages due for first half of September garnished by ——, who had loaned him money. He stated that the garnishment creditor, an old friend, sued and garnished after appellant had told him that he was in arrears in the payments to wife and had been cited for contempt. He testified that, prior to the entry of the maintenance order, he had paid his own attorney $150, and the appellee's attorney $100, and that during a period of eighteen months before that date he had given his wife the sum of $24, and no more.

A fair and reasonable analysis of this evidence ought to satisfy any person that the appellant was not acting in good faith, and did not exert his ability or energies towards obeying the court's order. It would seem that the expenditure for the automobile might better have been devoted to the discharge of his obligations to his wife and children. It is curious, too, that he would advise an old friend whom he owed money that he had been cited for contempt

for not paying the installments as directed by the court, so that such old friend might garnishee his wages. If we had any doubt of the correctness of the decision of the trial court we would resolve it in favor of supporting its conclusion, but we have no doubt. We think the appellant by his own testimony completely failed to purge himself of the contempt charged against him. There is plenty of authority holding a defendant who has the ability to pay alimony, but who willfully neglects or fails to do so may be punished for contempt. *Armijo* v. *Armijo,* 29 N. M. 15, 217 Pac. 623; 1 R. C. L. 960, §§ 103, 104, and 105; 19 C. J. 299. It has been held, too, that an inability to pay alimony, brought about by the defendant's own act for the purpose of avoiding its payment, may be punished for contempt. *Ex parte Spencer,* 83 Cal. 460, 17 Am. St. Rep. 266, 23 Pac. 395; *Wells* v. *Wells,* 99 Wash. 492, L. R. A. 1918C, 291, 169 Pac. 970. That seems to be the situation here.

The judgment of the lower court is affirmed and the cause remanded, with directions that further proceedings be had in accordance herewith.

McALISTER, C. J., and LYMAN, J., concur.