87 P.2d 434

SEARS v. SEARS.

No. 4407.

Supreme Court of New Mexico.

Feb. 8, 1939.

George A. Shipley, of Alamogordo, for appellant.

Wesley Quinn, of Clovis, and John T. Watson and L. C. White, both of Santa Fe, for appellee.

MABRY, Justice.

This is an appeal from an order of the District Court adjudging plaintiff and appellant in contempt of court for not paying to defendant and appellee the sum of $900 adjudged by that court to be due under previous order of the court in a divorce proceeding, and sentencing him to thirty days in jail for such contempt.

Appellant filed a complaint for divorce against appellee on October 6, 1936, seeking a divorce on the grounds of cruelty and incompatibility. Appellee answered, admitting all the allegations of the complaint excepting that charging her with cruelty, which she denied, and setting up in her answer, and asking for its confirmation and ratification, a "certain contract for the settlement of their property rights," a copy of which contract was attached to her answer. This contract was made and entered into by and between the parties about two weeks prior to the filing of the divorce action, and it may be assumed, was made in contemplation of such action being taken.

Omitting the formal parts, the contract in substance was as follows:

"That said party of the first part is to convey to the said party of the second part by warranty deed, subject to the mortgage thereon, the following described property situated in the City of Tucumcari, Quay County, New Mexico. (And then follows the property description.)

"Also the said party of the first part is to give to the said party of the second part the sum of $85.00 per month, to be paid as follows: $45.00 on or before the 15th day of each month, and $40.00 to be paid on or before the 1st day of each month, so long as she remains single.

"It is further agreed by and between the said parties that each will conduct his or her own business affairs without the advice or consent of the other. That neither will interfere in any manner with the other and will live their own lives separate and apart, and property accumulated in the future will be their own separate property.

"Witness our hands * * *," etc.

Thereafter, and on November 10, 1936, a decree was entered in said cause granting a divorce to the appellant. He contends that this decree confirms and ratifies the "property settlement" of the parties already mentioned. The appellee disputes this contention, and asserts on the contrary that by adoption of the language of the contract and otherwise, the decree amounted not only to a confirmation and ratification of the contract in so far as it relates to the real estate, but constituted as well a decree for the payment by appellant to appellee of the sum of money stipulated as alimony.

The question presented here is whether or not, in view of the contract, pleadings of the parties and the findings, order and decree of the court in the divorce proceeding, the court has or has not made an order for the payment of alimony which may be enforced by contempt proceedings; or

whether, on the other hand, the decree is anything more than a mere approval of a property settlement, carrying no certain implication that it is an attempt to fix and decree that monthly payment as alimony.

On the day the decree was granted the appellant appeared in person and by his attorney. The defendant did not appear, though her attorney subsequently initialed and approved the form of the decree as drawn and later signed by the court.

The decree reads as follows:

"This cause coming on for hearing in chambers at Clovis, N. M., this 10th day of November, 1936, the Plaintiff appearing in person and by his attorney, C. H. Alldredge, and the defendant not appearing, but it appearing that there are no controverted matters between the parties and that this decree has been approved by both Plaintiff and the Defendant, and the court having heard the evidence of the Plaintiff with regard to incompatibility of the parties, and the Plaintiff having, in open court admitted the allegations of the Defendant's answer with regard to a property settlement and with regard to payments to be made to Defendant by Plaintiff, and the court being duly advised in the premises, finds:

"That the plaintiff and the defendant are incompatible and cannot live together in peace and harmony, and that the property settlement and the financial arrangement hereinafter mentioned has been mutually agreed upon between the parties,

"Now, therefore, it is by the court ordered, adjudged and decreed, that the plaintiff be and hereby is granted an absolute divorce from the defendant, and the bonds of matrimony existing between the parties be and hereby are severed and dissolved.

"It is further ordered, adjudged and decreed: that the conveyance from the plaintiff to the defendant covering the following described property (here described real estate), be and hereby is approved and confirmed.

"It is further ordered, adjudged and decreed, that so long as the defendant shall remain single, the plaintiff shall pay to her the sum of $85.00, per month, payable $45.-00 on the 15th day of each month, commencing the 15th day of November, 1936, and $40.00 on the 1st day of each month, commencing on the 1st day of December, 1936, but that such payments shall cease whenever the defendant shall remarry.

"It is further ordered, adjudged and decreed: that the foregoing arrangement constitutes a full and complete settlement of all financial and property rights between the parties, and that neither shall interfere with the affairs of the other, unless for the purpose of enforcing the provisions of this decree."

"(Signed)   Harry L. Patton, Judge," etc.
"O. K.
"C. H. Alldredge,
"James L. Briscoe."

Assuming, but not deciding, that the decree was one requiring the appellant to pay alimony, we now have the further and

principal question of whether the order finding and holding appellant in contempt of court and ordering his imprisonment for thirty days was improvidently made. This question is argued under proper assignments of error and collected under points IV and V of appellant's brief.

It appears that appellant was cited to appear before the court on May 23, 1938, "to show cause, if any he might have, why he should not pay over the sum of $900.00 to defendant or be adjudged in contempt of court. * * *" This is the particular citation upon and under which defendant would have to be punished, if at all. No notice was taken by the court in former or other citations and proceedings, of appellant's answer and defenses. At the hearing on the above citation however, the defense was gone into, and, notwithstanding it was shown that appellant did not have at the time the ability to pay $900 or any substantial part thereof, he was found in contempt and sentenced. This was apparently for the reason, as we gather from the opinion and findings of the court, that in the past appellant had possessed the ability to comply with the order and had not done so.

Appellant was thus in court on May 23d, in answer to a new and distinct citation, calling for the doing of a distinct and particular act, viz.: the payment of "the sum of $900.00 to defendant." The record before us discloses that this could not be done; that appellant did not have the money or the means of securing the money with which to pay such sum.

Inability to pay is, of course, a good defense. Andrews v. McMahan, 43 N.M. 87, 85 P.2d 743; Snook v. Snook, 110 Wash. 310, 188 P. 502, 9 A.L.R. 262; East v. East, 148 Ark. 143, 229 S.W. 5; Blake v. People, 80 Ill. 11; West v. West, 126 Va. 696, 101 S.E. 876.

A careful examination of the record satisfies us that the court erred in its order committing appellant for contempt; and this, it appears from the court's own statement in its opinion, was because of a mistake as to the power possessed by the court, in view of the citation issued. It was clear that appellant was in court to answer the citation for May 23d, and no other. Appellant had notice of and was required to meet the issue of whether appellant had paid, or could "pay over to" appellee the sum of $900, which he had been required on April 11th to pay by May 1st. He was entitled to have, and should have had notice of the court's intention, if such was the intention, to punish for past delinquencies.

The court was, and justifiably so, no doubt, provoked by appellant's growing delinquencies in the face of substantial earnings at a prior time and when he could and should have met the payments. But, appellant cannot be punished for contempt for his failure to pay at a time when, according to the record, he could not pay. And before being punished for past conduct he should have notice of the charge.

The additional question presented by appellant as to whether this be a civil or

criminal proceeding need not and will not be considered, in view of the disposition of the case upon the other issues raised. This applies also to another question.

For the reasons stated, the cause will be reversed and remanded with directions to the court to discharge appellant.

It is so ordered.

BICKLEY, C. J., and ZINN and SADLER, JJ., concur.

BRICE, J., did not participate.