114 P.2d 737

**WILSON v. WILSON.**

No. 4596.

Supreme Court of New Mexico.

June 9, 1941.

H. O. Waggoner, of Albuquerque, for appellant.

Dailey & Rogers and W. Peter McAtee, all of Albuquerque, for appellee.

MABRY, Justice.

This is an appeal from a judgment of the district court of Bernalillo county holding appellant in contempt for failure to pay support money and attorney fees, theretofore by judgment in a divorce action, required of him. Appellant defends upon the ground that he has been at all times material unable to obtain any employment in which his physical condition would permit him to engage, and that he has no property or other resources upon which to draw to meet the obligation imposed upon him. The support money required of appellant was for the minor child of the union with appellee. This union was dissolved by divorce decree in February, 1940.

The court made findings of fact, in addition to the judgment holding appellant in contempt, to the effect that appellant was delinquent in payment to appellee, his former wife, in the sum of $130 and, that he was likewise delinquent in the payment of fees to appellee's attorney in the divorce suit, in the sum of $50; that plaintiff is "able, if he were so disposed, to engage in gainful occupation whereby he would be in a position to comply with the terms of the original decree; and that there is no evidence to support appellant's claim that his physical condition" is im-

paired to any greater degree at this time than at the time of the hearing of the divorce action; that appellant has not shown a willingness to comply with the decree of this court and that he has not shown cause why he has not so complied and why he should not be punished for contempt. The judgment concluded with the imposition of a thirty-day jail sentence.

Appellant challenges the judgment of conviction and the thirty-day jail sentence upon the sole ground that there is no evidence to sustain the court's findings, conclusions and judgment, and that the proof submitted upon his part amply sustain his contention that he was unable, without fault on his part, to render obedience to the order and decree in such divorce suit.

The facts are substantially as hereinafter set out. Appellant and appellee had been married some eleven years, and had one child of the age of 9 years. They were divorced in February, 1939. Custody of the child went to appellee and $40 per month (but fixed at $20 per month during any period of appellant's unemployment) was allowed and ordered paid to appellee for child support. Appellant had been employed at various office jobs at a salary of approximately $150 per month much of the time prior to the divorce. He was discharged from his work after the filing of the divorce suit but prior to the decree, and has not been gainfully employed since that time. He has no property or income of any kind from which to secure funds to make such payments, and he

lives entirely upon the charity of his parents and friends. Property which he at one time owned, and from which he received a portion of the income for some of the years prior to the divorce, was, in 1928, and before his marriage, transferred and conveyed to a corporation which his father, mother and other relatives control. Whether appellant has any beneficial interest in said property is a question to be hereinafter discussed. In addition, since the beginning of 1940, at least, appellant has been suffering from a severe case of double hernia; that the seriousness of the ailment has become aggravated and more acute since December 1939. Although he was afflicted with this ailment for some years, it had not theretofore caused him any loss of time or great inconvenience.

Appellant contends that his physical condition resulting from this affliction confines him exclusively to employment not calling for lifting, straining, or other labor involving any considerable physical strain, and that he has been unable, since the date of the divorce, to secure such employment. The evidence of appellant going to his inability to perform labor involving any considerable physical effort, stands unrefuted in the record. There is some ground to suspect his efforts to secure employment have not been too earnest.

Medical testimony was offered on behalf of appellant to the effect that he was suffering from double hernia, severe and potentially dangerous as to one side, which would likely involve grave hazards to

his health if jeopardized by any severe strain or unusual physical exertion. Some of the medical testimony, however, was based upon the history of the case as the doctor obtained it from appellant; but, it is clear that appellant is suffering from such double hernia in somewhat aggravated form but whether it is considerably worse than during the last few years of his employment at an office job, is questioned.

When appellant shows his inability to secure employment in the kind of work in which his physical condition would permit him to engage, his counsel urges, it cannot be said that he wilfully disobeyed the order of the court because he did not work. Likewise, it is argued, if he has no property producing an income, or which might be sold to meet the obligation, it cannot be said that he is in contempt of court because of his failure to obey its mandate to pay. We have no quarrel with either of the above propositions. But we cannot agree with appellant's appraisal of the facts in the case.

■ Appellant claims that all money for social recreation and for his food, lodging and clothes represents benevolences from friends and indulgent parents. The parents of appellant could, doubtless, extend their benefactions to support of the grandchild while appellant is unemployed. This appears to have been the original plan, according to some testimony. But no such duty rests upon them here. We said in the McMahan case, infra, that commitment of the father of the child in order to secure such aid from his parents "does not appeal to us as the proper view."

■ As we pointed out in Andrews v. McMahan, 43 N.M. 87, 85 P.2d 743, 745, 120 A.L.R. 697, inability of an alleged contemner to obey a decree of court, absent fault on his part, is a good defense. Incidentally, we there also referred approvingly to certain language found in Redding v. Redding, 167 Miss. 780, 150 So. 776, to the effect that chancellors long on the bench learn that decrees for alimony are notably productive of pretenses of poor health and inability to work, "and on citations for contempt they are authorized to scrutinize such excuses in the light of that judicial experience. * * *" There can be no doubt that this case had the closest scrutiny. The learned trial judge in this case at bar was doubtless provoked to reflect soberly upon his own and the experience of most trial judges in this respect. The court made findings to the effect that appellant had wilfully disobeyed the order and decree of the court and had not discharged the burden of showing his inability to support his child.

Whether appellant did in fact meet the burden upon the question of his inability to obtain employment at which he was able to work, may be passed without deciding the point. It is, concededly, a close one; but the trial court's decision does not rest alone upon this point.

■■ The duty rests upon appellant to exhaust his every reasonable resource to

meet this obligation resting always upon the father of a child to provide it support. It is not enough that he offer mere possible excuses for his failure to meet this obligation; he must offer good and reasonable ones; and the burden is on him to come forward with such proof. There is evidence in the record, particularly touching upon the property interests of appellant, hereinafter discussed, to sustain the court's findings and conclusion that he had resolved within himself to thwart the purposes of the order and that he has not met the burden imposed upon him to show his inability to comply with the order.

We examine now the question relating to his property interests. It is suggested by some evidence in the record that in 1928, appellant conveyed his property, a filling station and garage, which probably produced substantial income from rentals, to a corporation controlled by his parents and a brother, in order to avoid his creditors. The purpose of the conveyance, made in 1928 and before the marriage of the parties hereto ·is not so important. The important question is: Does appellant now have any interest in the property?

Conceding, but not deciding, that in view of the evidence it cannot be said that appellant was able to secure the kind of work in which he could engage, what must be said.of his ability to support the said child out of income derived from property in which he may have had a beneficial interest? Has appellant discharged the burden resting upon him by showing that he neither owns nor has interest in property which can be utilized in meeting this obligation?

Appellee, without objection, testified that a certain garage building on East Central Avenue in Albuquerque "belonged" to appellant. She may have meant that some beneficial interest rested in him for it appears that he had, prior to marriage, conveyed the property to a corporation owned by his parents and a brother. Appellee also testified that both she and appellant collected rent upon the garage property; that they collected such rent "for months and lived off of it." She further testified that appellant, the mother and other members of the family always talked as if the property belonged to appellant. We have the following testimony of appellee:

"Q. Did you ever hear any talk as to why the garage building was transferred to the Wilson Investment Co.? A. They said it was safest that way on account of creditors, he had so many debts.

"Q. Did Mr. Wilson ever make a statement of that kind to you? A. Before the divorce.

"Q. Did you ever hear Mr. Wilson make that statement in the presence of his father and mother? A. Certainly.

"Q. You heard a discussion along that line between Sanford and his parents? A. They always said if somebody sued him, well, they couldn't touch that property, it was safest so."

Appellant admits that he had authorized his wife to collect rent upon the property, after he had denied that he himself ever collected it, and his explanation of by what authority he sent his wife to collect the rent from this property which he says had long before been conveyed to the family corporation is not very satisfactory. He said, "I just told her to get the money." When asked by what authority he had done this, he answered, "No authority." He said his parents and his brother knew he was so collecting the rent and when asked if they consented to his so collecting and using the money therefrom, he answered, "I don't know." Clearly not the frank, open and clear explanation to be expected of one situated as appellant; charged with failure to obey a mandate of the court to provide support for his minor child and bearing the burden of showing his inability to perform. His attitude seems to be that the burden is upon others to get from him, if they can, any information supporting the contention that he is able to comply with the decree.

Another witness testified that during the period of nonpayment, appellant made the statement in her presence that he was not going to pay any more money to appellee. Appellant denies this and says that it was his brother who made the statement. It appears even according to appellant's version that the statement was made in the presence of appellant, nevertheless, and that appellant remained silent.

Obviously, appellant who had been cited to show cause why he should not be punished for his refusal to obey a prior order of the court to support his child had not discharged the burden imposed upon him of showing his complete inability to comply. We said in Armijo v. Armijo, 29 N.M. 15, 217 P. 623: "The burden, however, was upon the appellant to affirmatively show his inability to make the payments required of him." The almost universal rule is to this effect. See notes in 40 A.L.R. 550; 76 A.L.R. 396. In this case appellant had been adjudged in contempt for failure to obey a prior order of the court to pay certain sums provided by a decree of divorce. The adjudication of contempt was had upon the answer of the alleged contemner and without the taking of any testimony. He pleaded his total inability, his physical infirmity, including old age and near blindness, and that he was wholly without property that brings "any income." The effect of our holding was, that although there was no showing that the property owned by the alleged contemner was of any value, or produced any income, in the absence of some showing to the contrary that, under the circumstances, a substantial value would be presumed. Mr. Justice Bratton, writing the opinion for the court, in this connection observed: "With these facts existing, and the burden resting upon the appellant to affirmatively show his inability to make the required payments, we think the court was warranted in holding that the answer failed to state a valid defense." In the case at bar, the court made no spe-

cific finding that appellant owned the garage in question or any beneficial interest therein, and was not requested to so do, it is true; but, likewise, it refused appellant's requested finding that he owned no property; and it did find that appellant had not shown his inability to comply.

The record justifies the trial court's finding and conclusion that appellant had not discharged the burden resting upon him, and that he had resolved "to thwart the carrying out of the purposes of the terms of the decree" and had shown an "unwillingness" to comply therewith. It could easily have based these findings upon the very indefinite and unsatisfactory explanation which appellant offered when it was charged, and testimony given, that he was collecting and receiving substantial rents from property, the legal title of which was, perhaps, in others, but the beneficial ownership of which may have been in him. It is our opinion that appellant did not discharge the burden resting upon him "to affirmatively show his inability to make the required payments." Armijo v. Armijo, supra; 12 Am.Jur. 438, Sec. 72.

Appellant has not met the burden of showing his inability to comply with the order. The judgment will be affirmed, and, it is so ordered.

BRICE, C. J., and ZINN, SADLER, and BICKLEY, JJ., concur.