703 P.2d 910

**Carolyn Rose DIAL, Petitioner-Appellee,**

v.

**Benjamin F. DIAL, Respondent-Appellant.**

**No. 7991.**

Court of Appeals of New Mexico.

June 4, 1985.

Lowell McKim, Jesse R. Cosby, Glascock, McKim, Head & Kozeliski, P.C., Gallup, for respondent-appellant.

Michael L. Danoff, Michael Danoff & Associates, P.C., Albuquerque, for petitioner-appellee.

## OPINION

BIVINS, Judge.

Respondent appeals from an order holding him in contempt for failing to obey an earlier order "to deliver the two minor children of the parties * * * in conformance with the Order of the Court." The trial court fined respondent $9,291.85, representing petitioner's attorney fees and costs "up to the contempt citation hearing," plus $300 a day for each day the children are not returned to petitioner. The trial court issued a bench warrant for respondent's arrest, and ordered that respondent be held in jail until he purges himself of the contempt.

Respondent raises six issues, claiming (1) violation of due process right of access to the courts; (2) error in construing requirements of order for change of custody; (3) error in refusing introductin into evidence of minor children's depositions; (4) error in method of setting the fine; (5) excessiveness of the amount of fine; and (6) violation of the Code of Professional Responsibility by petitioner's Texas counsel giving testimony. We find error in refusing the depositions, and therefore reverse and remand. Because of the likelihood of several issues arising again on rehearing, we also discuss the order changing custody, the fine which may be assessed for civil contempt, and requirements for purging oneself from contempt.

The parties divorced in 1973, and since that date the custody of the children has

passed back and forth. Three sons were born of this marriage, Lance, Bryce, and Gregory. Gregory died and the proceedings concern only Lance and Bryce, who at the time of the hearing were 17 and 14, respectively.

After one of many hearings since the divorce involving custody, the trial court, on April 27, 1984, entered an order awarding temporary custody of the two children to respondent until the end of the then current school year. The same order specified that after school let out the petitioner was to have custody until August 1, 1984, at which time, the court would honor the wishes of the children as to permanent custody.

Respondent lives in Texas; petitioner in New Mexico. School let out on May 25, 1984. Because the children were not returned to her, petitioner moved on June 4, 1984 for an order to hold respondent in contempt. Prior to that motion, respondent moved on May 29, 1984 for a change of custody, alleging that the children did not wish to return to their mother.

The order to show cause hearing was scheduled for July 11, 1984. Respondent did not appear, and his attorney moved for leave to take respondent's testimony by telephone. Respondent alleged that he could not attend because of financial and business reasons. The trial court denied the motion.

Prior to the hearing respondent gave notice that he would take the depositions of the two children in Austin, Texas. Petitioner moved for a protective order to preclude the taking of the depositions or to require respondent to pay her attorney's fees and costs incident to the taking of the depositions. The trial court authorized the taking of the depositions of the two children in Texas and awarded petitioner her costs.

**1. Admission of depositions.**

Respondent offered the depositions of the two children taken by respondent on July 2, 1984 in Austin, Texas, apparently for the contempt hearing as well as the custody change matter. Although petitioner objected on other grounds, the trial court stated that respondent had not laid a proper foundation, since he had not shown that the witnesses were then beyond 100 miles from the place of the hearing. Respondent noted that the depositions, taken only nine days earlier, reflected that both children were then in Texas and lived in that state with their father. The trial court ruled that showing insufficient, since it did not establish where the children were at the time of the hearing.

Respondent asked for a recess during which time attorney Strother, who had previously represented respondent and had just finished testifying, placed a call to Texas to verify that the children were still there. The trial court rejected Strother's sworn testimony because he had not talked directly to the children. Respondent then called petitioner who testified she had no idea where the children were. The trial court refused the depositions. Respondent then made a tender of the depositions, which the court noted.

NMSA 1978, Civ.P. Rule 32(A)(3) (Repl. Pamp. 1980) provides for the use of the deposition of a witness if the court finds that the witness "is at a greater distance than 100 miles from the place of trial or hearing," unless the absence was procured by the party offering the deposition. Under Rule 32(A)(3), depositions of witnesses living more than 100 miles from the place of trial or hearing are freely admissible unless it appears that the absence of the witness was procured by the party offering the deposition. *Starr v. J. Hacker Co.*, 688 F.2d 78 (8th Cir.1982). No contention is made that respondent procured the children's absence from the hearing and the trial court did not base its ruling on that ground. Thus, the question presented is what showing must be made in order to meet the foundational requirement that the children were beyond 100 miles of the place of the hearing.

The parties cited no New Mexico rule precisely on point and we have found none.

Since New Mexico's rule is identical to Fed. Rule Civ.P. 32(a)(3), we look to federal law in construing the rule. *Benavidez v. Benavidez*, 99 N.M. 535, 660 P.2d 1017 (1983). *Compare Niederstadt v. Ancho Rico Consolidated Mines*, 88 N.M. 48, 536 P.2d 1104 (Ct.App.1975) (construing former Rule 26(d), Rules of Civil Procedure and noting that implicit in subparagraph 3, is the condition that the witness be unavailable to testify in person).

In their treatise, 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice*, Section 32.05 (2d ed.1984) the authors state: "[A] showing that the witness resided beyond the 100-mile distance at some recent earlier time will usually be sufficient to admit the deposition, in the absence of evidence to the contrary." *Id.* at 32–28. Federal cases support this statement. In *Ikerd v. Lapworth*, 435 F.2d 197 (7th Cir. 1970), the court held that the trial court could take judicial notice that Madisonville, Kentucky, the place of the deposition, was more than 100 miles from Terre Haute, Indiana, the place of trial, and further held that the showing made by the deposition, on its face, that the witness was a resident of Madisonville at a time only eight months before trial constituted, in the absence of a specific challenge to its veracity, a sufficient basis for the admission of the deposition. *Accord, Hartman v. United States*, 538 F.2d 1336 (8th Cir.1976).

In addition, statements of counsel may provide a sufficient basis as to the unavailability of witnesses, absent a showing to the contrary. *See Castilleja v. Southern Pacific Co.*, 445 F.2d 183 (5th Cir.1971). Here we have the statement of respondent's counsel of his belief that the children were in Texas and the sworn testimony of a witness attorney that he made a call to verify that fact. While he did not talk directly with the children, the inquiry, presumably to their father's house, should suffice in the absence of evidence to the contrary.

The trial court, in making a preliminary determination as to the admissibility of evidence, is not bound by the Rules of Evidence. NMSA 1978, Evid.R. 104(a) (Repl. Pamp.1983); NMSA 1978, Evid.R. 1101(d)(1) (Repl.Pamp.1983). Thus, hearsay statements of counsel or from a sworn witness would suffice to establish the foundational requirement, absent a specific challenge. Here, there was no challenge.

■■ Therefore, we adopt the rule of the federal courts that a showing that the witness resided beyond 100 miles at some recent earlier time is sufficient to admit the deposition, in the absence of evidence to the contrary. Here that showing was made by the depositions and by the statement of counsel and the testimony of Strother. The trial court could take judicial notice of the distance. *See* Annot., *Absent Witness-Deposition*, 94 A.L.R.2d 1172, 1182 (1964).

Ordinarily, an appellate court will not upset an evidentiary ruling by a trial court absent abuse of discretion, *see State v. Stout*, 96 N.M. 29, 627 P.2d 871 (1981); however, here the evidence offered through the depositions was critical to respondent's defense to the contempt charge and its absence prejudiced his case.

■ The elements necessary for a finding of civil contempt are: (1) knowledge of the court's order; (2) an ability to comply, *Niemyjski v. Niemyjski*, 98 N.M. 176, 646 P.2d 1240 (1982); *In re Hooker*, 94 N.M. 798, 617 P.2d 1313 (1980); coupled with (3) willful noncompliance of the order. Respondent's position was that he could not make the two children return to petitioner. In his deposition Lance denied any pressure exerted by the respondent, and said his father did not stop him from going. Bryce also denied any pressure from his father, and confirmed Lance's statement that respondent did not impede their returning to petitioner. While it is up to the trial court to accord testimony the weight it deserves, we are not at this point concerned with that issue; only the admissibility of evidence bearing on the question. Respondent was prejudiced by not having the deposition testimony before the court. We hold the trial court erred in refusing to admit the deposition testimony of the two children.

## 2. Requirements of the order changing custody.

█ Respondent in his second issue contends that the order of April 27, 1984 does not require him to "deliver the two children to New Mexico," and that the trial court erred in so finding. The order provides:

IT IS HEREBY ORDERED AND DECREED that the respondent, Benjamin F. Dial, is granted temporary custody of the minor children of the parties, Lance Dial and Bryce Dial, until the conclusion of their school year in the State of Texas in May, 1984.

Thereafter, petitioner, Carolyn Rose Kitchens, shall have custody of the minor children until August 1, 1984. At that time, the Court will honor the wishes of the minor children as to their permanent custody.

Respondent misreads the trial court's findings and the contempt order. The trial court did not require the children be delivered or returned to New Mexico; only that they be returned to petitioner. Petitioner testified that she had arranged for Lance to fly to Las Cruces to receive a 4-H award, but that he did not show. She tried to talk to the children by phone to arrange their return, but received no cooperation.

## 3. The fine.

The trial court found that petitioner had incurred attorney fees of $9,291.85, which "will be considered a civil contempt fine." It also found that the fine represents petitioner's attorney fees and costs "up to the contempt citation hearing."

*In re Hooker* approves the award of attorney fees to a party aggrieved by the contempt, limited to that incurred in investigating and prosecuting the contempt. *See also Royal International Optical Co. v. Texas State Optical Co.*, 92 N.M. 237, 586 P.2d 318 (Ct.App.1978).

█ The fine was undoubtedly arrived at by adding the amount of Texas counsel's fee of $7,791.85 to New Mexico counsel's estimated fee of $1,500 to the date of the hearing. Several problems are immediately apparent. Texas counsel estimated that $2,500 of his fee represents work prior to the April 27, 1984 order. Since respondent was given temporary custody on April 27, 1984, any fees incurred before that date would not be proper. In fact, only fees incurred from and after May 25, 1984, the date the children were to be released by petitioner, could be considered. We also note that an exhibit introduced by petitioner through Texas counsel reflects a petition to the district court of Williamson County, Texas to hold respondent in contempt for failing to deliver the children to petitioner. That petition was filed on May 11, 1984, when respondent had custody of the children under the New Mexico order of April 27, 1984. We also note that Texas counsel did not inform the Texas court of that fact in his petition. In any event, work in connection with that petition could not be considered as part of the fine. Thus, on remand, if the trial court should find respondent in contempt, any fine representing attorney fees must be limited to a period commencing May 25, 1984, and not before. Also, proof in support of attorney fees must reflect what was reasonably necessary in prosecuting the contempt before the New Mexico court. *See generally First National Bank of Clovis v. Diane, Inc.*, 102 N.M. 548, 698 P.2d 5 (Ct.App. 1985).

## 4. Purging.

Respondent argues that the trial court must fashion its order to allow him the opportunity to purge himself of the contempt. Respondent claims the trial court assessed the fine of $9,291.85 plus $300 a day without regard to his ability to pay. Thus, he argues in effect a due process violation by imposing incarceration without regard to his ability to pay.

█ Respondent is correct that inability to pay is a defense to contempt proceeding, *Nelson v. Nelson*, 82 N.M. 324, 481 P.2d 403 (1971), but the burden rests with him to prove it. *Id.* What respondent fails to note is that he made no showing as to his financial inability to pay the fines assessed.

He did not appear at the hearing. In support of the motion to take his testimony by telephone respondent attached an affidavit stating that he could not appear for the hearing "[d]ue to severe financial and business considerations." This does not, however, prove inability to pay the fine. Compare *Nelson* where the husband unsuccessfully argued that fact of unemployment established an inability to pay.

Thus, on rehearing, if the trial court should find respondent in contempt and assess a fine, the burden will rest on him to prove his inability to pay. If he fails to do so, he cannot be heard to complain.

### 5. Conclusion.

The case is remanded for further proceedings, as may be directed by the trial court, consistent with this opinion. No cost or attorney fees are awarded in connection with this appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.