This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NEW MEXICO BANK OF TRUST,**

    Plaintiff-Appellee,

v.                                                                          **NO. 30,033**

**GLADYS CORLISS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Matthew J. Sandoval, District Judge**

Doerr & Knudson, P.A.
Randy J. Knudson
Portales, NM

for Appellee

Gladys Corliss
Tucumcari, NM

Pro Se Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals two district court orders: one finding her in contempt of court and the other denying her motion to dismiss. In our notice, we proposed to

affirm. Defendant has timely responded to our proposal. We have considered her arguments and not being persuaded, we affirm.

Shortly after our calendar notice was filed, Defendant filed an emergency motion asking this Court to mandate that Plaintiff provide her running water. We deny that motion as this Court does not have jurisdiction to issue such a mandate. *See* NMSA 1978, § 44-2-3 (1884) (conveying upon the district court "exclusive original jurisdiction in all cases of mandamus"). This Court has no original jurisdiction; we are only a court of review. N.M. Const. art. VI, § 29.

In our notice, we proposed to conclude that Defendant could not appeal the order denying her motion to dismiss, as it was not a final appealable order. Defendant's response does not address the finality of this order. Therefore, we decline to address the merits of the appeal of the order denying the motion to dismiss.

We proposed to affirm the order holding Defendant in contempt of court for failing to comply with a previous court order. Defendant continues to argue that the order she was found to have disobeyed was not a valid order. She does not make any new arguments, but simply reiterates that Judge Sandoval had no authority to issue orders. She argues that she cannot be held in contempt of an order that she has been unable to appeal. We disagree. The propriety of the order that she refuses to obey is not relevant to a finding of contempt. *See State v. Cherryhomes*, 114 N.M. 495, 498,

2

840 P.2d 1261, 1264 (Ct. App. 1992) (stating that a party who disobeys an order may not collaterally attack the validity of the underlying order in the course of an appeal from a judgment holding the party in criminal contempt of court for violating the order). Much of Defendant's memorandum in opposition to our calendar notice is an attack on the underlying order. We do not consider those arguments in this case.

As we pointed out in our notice, there are three elements to a finding of contempt: (1) knowledge of the court's order, (2) ability to comply, and (3) willful noncompliance with the order. *Dial v. Dial*, 103 N.M. 133, 136, 703 P.2d 910, 913 (Ct. App. 1985). Evidence of each of those elements was established here.

In our notice, we addressed Defendant's claim of a due process violation during the contempt proceedings. Defendant's memorandum does not provide us with any further argument on that issue.

Therefore, for the reasons stated herein and in the notice of proposed disposition, we affirm the order holding Defendant in contempt of court.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

3

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**ROBERT E. ROBLES, Judge**