583 P.2d 462

Teresa M. STRINGER and Manuel Garcia, Guardian ad litem for Rebecca Rachel Stringer, Plaintiffs-Appellants,

v.

Stephen P. DUDOICH, Defendant-Appellee.

No. 11743.

Supreme Court of New Mexico.

Sept. 6, 1978.

Wycliffe V. Butler, Albuquerque, for plaintiffs-appellants.

Alarid & Riley, Michael Alarid, Jr., James E. Riley, Jr., Albuquerque, for defendant-appellee.

## OPINION

PAYNE, Justice.

This is an appeal from a summary judgment in a paternity action. The complaint contains two counts. In the first count, Teresa Stringer, the mother, alleged that the defendant, Stephen P. Dudoich, was the father of her child, Rebecca. In the second count, Manuel Garcia, as guardian ad litem for the child, alleged that the defendant was Rebecca's father and was liable for her support. The trial court dismissed both counts. Both the mother and the child appealed. We affirm the trial court's ruling as to the mother's claim but reverse its ruling as to the child's claim.

Section 22–4–24, N.M.S.A.1953 (Supp. 1975), upon which the trial court relied in granting summary judgment, provides:

> Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two [2] years from the birth of the child unless paternity has been judicially established or has been acknowledged by the father in writing or by the furnishing of support, except that there shall be no time limitation on proceedings initiated by the state.

 There is no dispute that the child was five years old when the suit was filed. The mother, however, maintains that the statute was tolled by the defendant's actions. In a motion for summary judgment, the party claiming that a statute of limita-

tion should be tolled has the burden of alleging sufficient facts that if proven would toll the statute. *Hernandez v. Anaya*, 66 N.M. 1, 340 P.2d 838 (1959). In the present case the trial court ruled that even if the allegations contained in the complaint and the affidavits submitted by the mother were true, the statute was not tolled and the defendant should prevail as a matter of law. We agree and affirm the trial court on this issue.

The trial court also found that the child did not have a cause of action against the defendant. We do not agree.

 At early common law an illegitimate child was considered *nullius filius* —the son of no one—of no mother and no father. He was not entitled to support from anyone. In New Mexico, however, both legitimate and illegitimate children are entitled to support from their mothers and fathers. *Petition of Quintana*, 83 N.M. 772, 497 P.2d 1404 (1972); *State ex rel. Terry v. Terry*, 80 N.M. 185, 453 P.2d 206 (1969); *Wilson v. Wilson*, 45 N.M. 224, 114 P.2d 737 (1941); § 40A–6–2, N.M.S.A.1953 (Supp.1975); § 22–4–1, N.M.S.A.1953 (Supp. 1975). Section 22–4–1 provides:

> The father and mother of a child born out of wedlock are jointly and severally liable for the support of the child until he reaches the age of majority.

Illegitimate children are entitled to the same support rights as legitimate children. Any other interpretation of § 22–4–1 would violate the equal protection clauses of the United States and New Mexico Constitutions. *See Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). In *Gomez* the United States Supreme Court stated:

> We therefore hold that once a State posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child simply because its natural father has not married its mother. For a State to do so is "illogical and unjust."

*Id.* at 538, 93 S.Ct. at 875.

The question remaining is whether the two-year statute of limitations imposed by

§ 22–4–24 bars a child from bringing an action beyond his second birthday. We hold that it does not.

 In New Mexico there is no time limitation on the right of the child born in wedlock to require the natural father to support him. A child has the right of support from his parents whether or not he is in their custody. *Terry, supra; Wilson, supra.*

The United States Supreme Court in *Gomez* held that the equal protection clause prohibits a state from granting a right to legitimate children and withholding the same right from illegitimate children. The Court stated:

> Under these decisions, [*Levy v. Louisiana,* 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 and *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551] a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally.

409 U.S. at 538, 93 S.Ct. at 875. If there is no limitation on the right of a legitimate child to seek support from his parent, then there can be no limitation on the same right for an illegitimate child. Other states have come to the same conclusion. *S. L. W. v. Alaska Workmen's Compensation Board,* 490 P.2d 42 (Alaska 1971); *Barrett v. Barrett,* 44 Ariz. 509, 39 P.2d 621 (1934); *Cessna v. Montgomery,* 28 Ill.App.3d 887, 329 N.E.2d 861 (1975); *Huss v. DeMott,* 215 Kan. 450, 524 P.2d 743 (1974); *Wiczynski v. Maher,* 48 Ohio App.2d 224, 356 N.E.2d 770 (1976).

We hold that § 22–4–24 is unconstitutional to the extent that it limits the right of an illegitimate child to seek a determination of his paternity and support.

The matter is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, J., concur.