444 A.2d 108

COMMONWEALTH ex rel. Lucretia JOHNSON, Appellant

v.

Melvin N. KING.

Appeal of Lucretia JOHNSON.

Superior Court of Pennsylvania.

Argued June 25, 1981.

Filed April 2, 1982.

Petition for Allowance of Appeal
Denied Aug 3, 1982.

432

Daniel Lee Haller, Aliquippa, for appellant.

Robert A. Banks, Ambridge, for appellee.

Roger Margolis, Harrisburg, for participating party.

Before CERCONE, President Judge, and SPAETH, HESTER, WICKERSHAM, BROSKY, JOHNSON, POPOVICH, DiSALLE and SHERTZ, JJ.

JOHNSON, Judge:

This appeal concerns whether a civil action for support of a non-marital child is barred by the running of the two-year criminal statute of limitations when paternity is denied.[1] This case was ordered argued along with *Williams v. Wolfe*, 297 Pa.Super. 270, 443 A.2d 831 (1982) because of the similarity of issues.

The minor child was born on June 19, 1975 to Appellant. She filed a civil complaint on June 29, 1977 for support of the child pursuant to the Civil Procedural Support Law, 62 P.S. § 2043.31 *et seq.*, against the putative father, Appellee. On September 16, 1977, pursuant to recommendations made by the Domestic Relations Office, Appellant initiated criminal proceedings pursuant to 18 Pa.C.S.A. § 4323 against

---

1. Appellant also raises equal protection and due process arguments which need not be addressed due to our determination of the case on statutory construction grounds. *In re "B"*, 482 Pa. 471, 394 A.2d 419 (1978); *Ministers and Missionaries Benefit Board of American Baptist Churches v. Goldsworthy*, 253 Pa.Super.Ct. 321, 385 A.2d 358 (1978).

Appellee for Neglect to Support a Bastard. The civil support complaint was dismissed on September 28, 1977.[2] The criminal action was thereafter dismissed at the preliminary hearing on October 13, 1977 due to the running of the two-year criminal statute of limitations, 18 Pa.C.S.A. § 4323(b).[3]

On February 19, 1980, Appellee filed Preliminary Objections and a Motion to Dismiss in response to the civil support action.[4] Argument on the issue was withdrawn and a Stipulation as to Facts and Issues, signed by each party's counsel, was presented. By Order dated June 17, 1980, the lower court sustained Appellee's Preliminary Objections "for the reasons set forth in *Weyand v. Sharpless,* 38 Beaver County Law Journal 17 (1979) and *Gould v. Clayton,* 38 Beaver County Law Journal 193 (1980)."[5]

Appellant argues that she may maintain a civil action for support pursuant to 42 Pa.C.S.A. § 6701 *et seq.,* notwithstanding her failure to institute criminal proceedings within two years of the birth of her child.

Appellee argues that Appellant's right to file a paternity and support action expired in this case two years after the

**2.** There is no indication from the record that the civil support action was ever reinstated. However, in order to promote judicial economy, we shall waive this procedural defect, pursuant to Pa.R.A.P. 105(a). *See Commonwealth v. Allen,* 278 Pa.Super.Ct. 501 n. 3, 420 A.2d 653 n. 3 (1980).

**3.** 18 Pa.C.S.A. § 4323(b) states:
§ 4323. *Neglect to support bastard*

. . . .

(b) Limitation of action.—All prosecutions under this section must be brought within two years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child, or shall have acknowledged in writing his paternity, in which case a prosecution may be brought at any time within two years of any such contribution or acknowledgement by the reputed father.
Repealed, April 28, 1978, P.L. 106, No. 46, § 3, eff. June 27, 1978.

**4.** See footnote 2, *supra.*

**5.** These cases state that a plaintiff cannot revive a civil support action pursuant to 42 Pa.C.S.A. § 6701 *et seq.* that was fully barred prior to the effective date of that statute.

birth of the child and prior to the new legislation granting a six-year statute of limitations. Therefore, her action cannot be resurrected by a subsequent change in the limitations law.

For the reasons set forth in *Williams v. Wolfe, supra,* we reverse and remand.

The only factual difference between the instant case and *Williams v. Wolfe, supra,* is that Appellant in the instant case did institute both civil and criminal proceedings prior to the enactment of 42 Pa.C.S.A. § 6701 *et seq.* Because a final determination of paternity and/or support was never made, due to the dismissal of both actions, there is no res judicata or collateral estoppel effect, and therefore our holding in *Williams v. Wolfe, supra* shall stand. *See Jordan v. Gore,* 288 Pa.Super.Ct. 86, 431 A.2d 300 (1981).

The Order dated June 17, 1980 is reversed and the case is remanded for further proceedings consistent with this opinion.

BROSKY and POPOVICH, JJ., file concurring statements.

WICKERSHAM, J., files a dissenting statement.

DiSALLE and SHERTZ, JJ., did not participate in the consideration of this case.

BROSKY, Judge, concurring:

For the reasons set forth in my concurring opinion in *Williams v. Wolfe,* 297 Pa.Super. 270, 443 A.2d 831 (1982), (Brosky, J. Concurring Opinion), I believe that to subject a child born out of wedlock to a limitation period, however reasonable, is to limit that child's unqualified right to receive support from his father. As other jurisdictions have held, such limitation violates the Equal Protection Clause of the United States Constitution. See: *State of Florida, Department of Health and Rehabilitative Services v. West,* 378 So.2d 1220 (Fla.1979); *State of Montana, Department of Revenue, Department of Social Rehabilitative Services v.*

*Wilson,* 634 P.2d 172 (Mont.1981); *Stringer v. Dudoich,* 92 N.M. 98, 583 P.2d 462 (1978); *County of Lenoir ex rel. Cogdell v. Johnson,* 46 N.C.App. 182, 264 S.E.2d 816 (1980). However, since I agree with the majority that appellant's civil action for support is not barred, I agree with the majority's decision to reverse and remand.

POPOVICH, Judge, concurring:

I concur in the result; however, I am of the view that no statute of limitations can constitutionally preclude a child from asserting paternity during his minority.

WICKERSHAM, Judge, dissenting:

For the reasons noted in *Williams v. Wolfe,* 297 Pa.Super. 270, 443 A.2d 831 (1982) (Dissenting Opinion by Wickersham, J.) I respectfully dissent.