446 A.2d 1308

**Linda GOULD, Appellant,**

v.

**William F. CLAYTON, Jr.**

Superior Court of Pennsylvania.

Argued March 16, 1981.

Filed June 18, 1982.

Daniel L. Haller, Aliquippa, for appellant.

Layden C. Sadecky, Beaver, submitted a brief on behalf of appellee.

Before PRICE, BROSKY and MONTEMURO, JJ.

BROSKY, Judge:

On May 28, 1974, appellant, Linda Gould, gave birth to a child out of wedlock. On May 15, 1979, appellant filed a civil complaint in support/paternity with the Domestic Relations Division of the Court of Common Pleas of Beaver County, pursuant to Pennsylvania Legislative Act No. 46.[1] The complaint alleged that appellee is the natural father of her minor child and as such owes a duty of support with which he has failed to comply. Appellee filed an answer and new matter denying paternity and asserting that appellant's cause of action was barred by the statute of limitations

1. Act of April 28, 1978, P.L. 106, No. 46, § 2, eff. June 27, 1978.

because she had not instituted a criminal proceeding to determine paternity prior to the child's second birthday, pursuant to 18 Pa.C.S.A. § 4323(b).[2] The case was heard by the Honorable Joseph S. Walko of the Court of Common Pleas of Beaver County on November 19, 1979. On January 9, 1980, the court granted appellee's motion for judgment on the pleadings, on the ground that Section 25(b) of the Judiciary Act of 1976[3] prohibits revival of any cause of action fully barred prior to the effective date of the Act [June 27, 1978] and that appellant's claim was therefore barred after May 28, 1976, the date of the child's second birthday. On January 30, 1980, appellant filed this appeal with our court. On December 12, 1980, the appeal was consolidated with *Commonwealth ex rel. Lucretia Johnson v. Melvin N. King,*[4] a case which posed the same issue for resolution. The two cases were later severed by Per Curiam Order dated June 2, 1981, and *King* was certified to be argued before the court *en banc.*

The issue before us is whether appellant's civil action for support is barred by the running of the two-year criminal statute of limitations[5] when paternity is denied. Following the reasoning of *Williams v. Wolfe,* 297 Pa.Super. 270, 443 A.2d 831 (1982), and *Commonwealth ex rel. Johnson v. King,* 297 Pa.Super. 431, 444 A.2d 108 (1982), we hold that appellant's claim for support is not barred. *Williams* held that the repeal of the criminal statute of limitations never extin-

2. 18 Pa.C.S.A. § 4323(b), repealed by Act of April 28, 1978, P.L. 106, No. 46, § 3, eff. June 27, 1978, provided:
    § 4323 Neglect to Support bastard
    (b) Limitation of action—All prosecutions under this Section must be brought within two years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child, or shall have acknowledged in writing his paternity, in which case a prosecution may be brought at any time within two years of any such contribution or acknowledgment by the reputed father.

3. Act of July 9, 1976, P.L. 586, No. 142, § 25(b), eff. June 27, 1978.

4. Appeal from order dated June 17, 1980, Court of Common Pleas, Civil Division, Beaver County, at No. 415 DR 1977. (J. 1359/81).

5. See footnote 2, *supra.*

guished the civil right to support, and that the enactment of the new civil support statute [6] provided a new and independent procedure for the enforcement of an existing and continuing right.

In the case at bar, no criminal prosecution was commenced, either before or after the child's second birthday. Therefore, there was no prosecution already commenced under 18 Pa.C.S.A. § 4323 as of the effective date of the repeal of said statute on June 27, 1978. Had there been a prosecution already commenced prior to June 27, 1978, the criminal statute would continue to be applicable. See *Williams v. Wolfe*, supra. Since there was not, however, the requirement of a criminal determination of paternity was eliminated as of June 27, 1978, even though the cause of action arose prior to that date. Therefore, although appellant's right to bring a criminal prosecution is forever barred, her right to bring a civil action for support is not, since her right to bring a civil action is not dependent upon the (prior) institution of a criminal prosecution.

Here, appellant is seeking support only for the period of time forward from the date of the filing of her complaint on May 15, 1979. Accordingly, allowance of her cause of action does not involve a retroactive application of the statute. *Williams v. Wolfe*, supra.

For these reasons, we hold that appellant's action, instituted after the effective date of 42 Pa.C.S.A. § 6701 *et seq.*, is not barred by the running of the now-repealed 18 Pa.C.S.A. § 4323(b).

There is another, equally compelling reason why appellant's claim should not be deemed to be barred here. The former criminal statute, 18 Pa.C.S.A. § 4323(b), limited an illegitimate child's right to receive support by requiring that a criminal prosecution in paternity be instituted within two years of the birth of the child prior to the institution of a civil suit for support. No such limitation, however, was placed upon a legitimate child, who could bring an action for

6.  42 Pa.C.S.A. § 6701 *et seq.*

support anytime after birth. In recognizing that statutes containing such time limitations violate equal protection, the court in *State of Florida, Department of Health and Rehabilitative Services v. West*, 378 So.2d 1220, 1222 (Fla.1979) held:

> [T]he legislature is treating legitimate children differently from illegitimate children. Because of this statute, the rights of the illegitimate child may be foreclosed forever by failure of his mother to file suit through her ignorance, neglect, or sympathy with the father and through no fault of the child.

See also *State of Montana, Department of Revenue, Department of Social Rehabilitative Services v. Wilson*, 634 P.2d 172 (Mont.1981); *Stringer v. Dudoich*, 92 N.M. 98, 583 P.2d 462 (1978); *County of Lenoir ex rel. Cogdell v. Johnson*, 46 N.C.App. 182, 264 S.E.2d 816 (1980).

■ By establishing a new, wholly independent means of securing support, the Legislature, in enacting 42 Pa.C.S.A. § 6701 *et seq.*, sought to remedy the inequity caused by the former criminal statute of limitations.[7] Accordingly, the repeal of the criminal statute cannot be interpreted as extinguishing the civil right to support established by 42 Pa.C.S.A. § 6701 et seq. There can be no doubt that in Pennsylvania, both the mother and father of a child born out of wedlock have the continuing duty to support such child. *Commonwealth v. Rebovich*, 267 Pa.Super. 254, 406 A.2d 791 (1979). To hold that appellant's claim here is barred, therefore, would be to limit an illegitimate child's right to receive support from his father, which is violative of equal protection.

For these reasons, we hold that appellant's claim for support is not barred. Accordingly, the order of January 9,

7. We note that there is still a time limit [six years] placed upon actions brought by illegitimate children but not by legitimate children. To subject a child born out of wedlock to a limitation period, however reasonable, is to limit that child's right to receive support from his father. This matter, however, is for the Legislature to rectify.

1980 is reversed and the case is remanded for further proceedings consistent with this opinion.