## Esters v. Phillips

*John Lee Brown,* for plaintiff.
*Dennis DiMartini,* for defendant.

WALKO, *J.*, July 21, 1982—This opinion is written in response to defendant's preliminary objections to plaintiff's complaint in the nature of a demurrer based on the running of the Statute of Limitations under Section 6704(e) of the Revised Uniform Reciprocal Enforcement of Support Act, 42 Pa.C.S.A. §6701 et. seq.

The pertinent facts are as follows: On September 10, 1981, plaintiff, Marcia Johnson Esters filed a support action against Jerry Phillips in the Family Division of the Court of Common Pleas of Allegheny County at no. FD81-12368 for the support of her two children, Jerry Johnson born October 24, 1971 and Martell Johnson born October 21, 1974. She subsequently filed an amended complaint on January 4, 1982 against this defendant for the support of another son, Richard Johnson born December 5, 1969. Both cases were transferred to Beaver County for disposition.

Plaintiff has admitted both in her complaint and answer to preliminary objections that the parties were never married and that the children were born out of wedlock. Plaintiff further admits that paternity, either criminal or civil, has never been initiated prior to the commencement of this action in September of 1981.

While there are allegations of gifts to the children from defendant during Easter 1973 and Christmas 1977, there is no allegation that defendant made any voluntary contributions toward the support of these children anytime after 1977. Furthermore,

there is no allegation of any written acknowledgment of paternity by defendant.

Section 6704(e) of the Revised Uniform Reciprocal Enforcement of Support Act states that:

"All actions commenced under this section shall be brought within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be brought at any time within two years of any such contribution or acknowledgment by the reputed father."

Under the language of this section, the six year statute of limitations to commence an action regarding Richard Johnson would run on December 5, 1975; as to Jerry Johnson on October 21, 1978; and as to Martell Johnson on October 21, 1980. Assuming arguendo that the Christmas gifts to the children in 1977 could be construed as "voluntary contributions toward support" by defendant, the two year extension for voluntary support under the statute would still run its course in December 1979. The original complaint in this case was not filed until September 10, 1981, much after both the six year period and the two year extension.

This court is aware of dictum in some of our recent appellate decisions which discuss a serious equal protection problem in the statute. A legitimate child, where paternity is not an issue, has an unqualified right to support up to majority, while an illegitimate child must take action *to establish paternity* within six years of birth, two years from the last voluntary contribution to the child's support or the written acknowledgment of his paternity, or forever lose the right to seek support. Perhaps the answer lies in the issue of "paternity"

in this statute from which "support" flows. We will follow the guidance and wisdom of our appellate courts on this issue whenever it is settled by them in an appropriate case.

Under Williams v. Wolfe, 297 Pa. Superior Ct. 270, 443 A. 2d 831 (1982), Com. ex rel. Johnson v. King, 297 Pa. Superior Ct. 431, 444 A. 2d 108 (1982) and Gould v. Clayton,____ Pa. Superior Ct. ____, 446 A. 2d 1308 (1982), the court by implication upheld the six year statute of limitations in civil support actions.

We therefore conclude that since the complaint for support was not filed until September 10, 1981, more than six years after the birth of any of the children and more than two years after any alleged voluntary contributions toward support by defendant, the preliminary objections filed by defendant in the nature of a demurrer must be sustained as the action was not commenced within the applicable statute of limitations under Section 6704(e) of the Revised Uniform Reciprocal Enforcement Support Act 42, Pa.C.S.A. §6701 et seq.

## ORDER

And now, July 21, 1982, after consideration of the arguments presented to the court, it is ordered and directed that the preliminary objections filed by defendant in the nature of a demurrer to the complaint in support filed by plaintiff on September 10, 1981 are sustained and plaintiff's complaint is dismissed.