461 A.2d 636

**T. Dale STEWART and Letitia Stewart, His Wife; John F. Kane, Jr., and M. Ruth Kane, His Wife; Hazel E. Kyle, A Widow; and Charles W. Stewart and Anna M. Stewart, His Wife,**

v.

**TOMIS DEVELOPMENT COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued May 20, 1982.

Filed June 10, 1983.

Petition for Allowance of Appeal Denied Sept. 30, 1983.

David M. Priselac, Pittsburgh, for appellant.

Dennis N. Persin, Greensburg, for appellees.

Before ROWLEY, MONTEMURO and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellees sold a 187.062 acre tract of undeveloped land in Westmoreland County to appellant for $250,000; $50,000 was paid in cash and the balance of $200,000 by a purchase money mortgage with interest at 6%. The principal of the mortgage was to be paid in fifteen (15) yearly installments of $13,333.33.[1]

The original agreement of sale dated April 27, 1972, provides that the:

> [p]urchase money mortgage will provide for the release of the lien of the mortgage as acreage is sold and proceeds are paid over to Sellers on a pro-rata basis.

The purchase money mortgage and the accompanying bond provide for payment in the following manner.

> The sum of $13,333.33 on October 1 of each year, commencing with the year 1973, reduced on a pro rata basis

---

1. At the time of closing a tract of 34.37 acres was released from the mortgage.

by principal payments representing the proceeds from the sale of acreage released from the lien of the within mortgage, together with the amount of accelerated principal payments after January 1, 1973 in such increments as party of the first part [mortgagor-appellant] elects....

At the end of the first year the mortgagors paid to the mortgagees $12,000. There have been no further payments on account of principal or interest. By a "Complaint in Confessions of Judgment", filed August 18, 1977, plaintiff-appellees took judgment on the bond for the principal sum of $200,000, plus interest and attorney's commission in the total sum of $275,838.73, and issued execution against the property. The appellant filed a petition to strike or open the judgment and to stay execution. Paragraph four of such petition reads as follows.

4. The Defendant does not owe the Plaintiffs the amount claimed, if it owes the Plaintiffs anything at all, because the Plaintiffs materially and substantially and practically totally breached their agreement with the Defendant underlying the bond by failing and refusing to act in accordance with said agreement by releasing the subject property from the lien of their mortgage when the Defendant offered accelerated principal payments, thus destroying the Defendant's financing plans and arrangements and making the further development of the property practically impossible by the Defendant and excusing the Defendant from further performance under the agreement.

The court stayed the execution. Appellees filed various answers to the petition, and by leave of court, an amended complaint in confession of judgment. The court appointed a commissioner to take testimony and make findings of fact, and conclusions of law, and to make a recommendation to the court. The recommendation was to deny the petition and Judge Mihalich entered such an order on August 11, 1980. Appellant filed exceptions which were briefed and argued before the court en banc. A final opinion and order

were filed March 23, 1981, sustaining the original order. Defendant-appellant has appealed to our court.

Appellant's position at the appellate level, as it was below, is that the appellees violated the agreement between the parties to such an extent as to require rescission of the agreement. It contends that it should be absolved of any liability to appellee; and seeks rescission of the agreement and the repayment of the $50,000 cash payment; the interest payment of $12,000; and incidental expenses. We need not address the merits of such claim.

On October 3, 1974, appellant filed in equity a suit in the lower court against appellees at No. 3163 of 1974, setting forth the above claims. That suit was heard by Judge Mihalich, who entered an adjudication and an order on October 15, 1976 denying appellant's request for rescission and consequential damages, and dismissing the complaint in equity. He also dismissed exceptions to his adjudication order. No appeal was taken from that order. In the present case, Judge Mihalich concluded that the essential issue raised in the present suit had been resolved in the previous equity suit and that appellant was barred by the doctrine of collateral estoppel.[2]

We agree. In the equity action appellant claimed that appellees breached the agreement by failing to release certain acreage upon its tendering of the first annual payment. Appellant there contended that appellees had an obligation to release a pro-rata share of land upon the above payment. Appellees position was that their obligation to release did not arise *until acreage was sold and they were paid a share of the proceeds from such sale.* The chancellor found that while unusual, the agreement was clear;[3] release was conditioned upon two occurrences, parcels be-

**2.** Since the parties are the same in both cases and, the issues the same, the appropriate technical doctrine should more appropriately be referred to as res judicata. See discussion below.

**3.** The court did note that the agreement was ambiguous as to how a "pro-rata share" was to be calculated, but *not* as to when release was required.

ing sold *and* a share of proceeds from such sales being forwarded to appellees. As such sales had not occurred, appellees were not required to release any additional lands. The equity court concluded that there were no misrepresentations, permitting rescission. (Adjudication, October 5, 1976).

For res judicata to apply, there must be a concurrence of four conditions: (1) Identity in the thing sued upon or for; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality or capacity of the parties suing or sued. *Stevenson v. Silverman*, 417 Pa. 187, 190, 208 A.2d 786, 787–788 (1965), cert. denied, 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 76 (1965). A judgment *on the merits* in a prior suit involving the same parties or their privies, under the doctrine of res judicata, bars a second suit based upon the same cause of action, while under the doctrine of collateral estoppel, such judgment precludes relitigation of issues *actually litigated and determined* in the prior suit, regardless of whether it was based upon the same cause of action as the second suit. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

*Jordan v. Gore*, 288 Pa.Superior Ct. 86, 91, 431 A.2d 300, 302 (1981). We find all four criteria present in the current case. The identity and capacity of the parties have not changed since the equity action. It is the same contract sued upon and though brought in a different form it is nonetheless the same action, i.e., breach of the sales agreement and related mortgage and bond by failure to release additional acreage.

Appellant's reliance on such cases as *Thal v. Krawitz*, 365 Pa. 110, 73 A.2d 376 (1950) is misplaced. There, in the first action brought in equity, the plaintiff sought specific performance. The chancellor found that since two required parties had not signed the agreement, it could not be enforced. The court noted in passing that the defendant had not misrepresented his authority as to the two parties.

A second action was brought seeking damages for misrepresentation by the defendant as to his authority. The second suit was not barred by the first, as the question of misrepresentation was not essential to the first litigation once the chancellor found that the agreement was invalid.

The current situation is clearly distinguishable. In the first action, while the claim was partially veiled as one based on misrepresentation, the crux of the matter, in fact the whole case, was dependent upon the interpretation of the contractual terms and whether the parties had breached them. Appellant's petition here raised the same claim; the breach of the agreement, i.e., the failure to release the property from the mortgage lien. The fact that the claim originally raised affirmatively in equity is now raised defensively does not change the result. In *Pilgrim Food Prod. Co. v. Filler Prod. Inc.*, 393 Pa. 418, 143 A.2d 47 (1958), Pilgrim claimed, in defense, in the first action, that Filler was without authority to sell and license the use of a machine. Verdict was in Filler's favor. Pilgrim initiated a second suit, relying on an intervening decision from another jurisdiction, arguing again that Filler lacked authority to perform the Contract. The Supreme Court held the second action was barred by the first.[4] We find likewise here, appellant also argues that the lower court erred by refusing to strike the confessed judgment for failure to comply with

4. When applying the doctrine of res judicata, a court must look to the particular facts of the case before it. For additional examples, see: *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975) (doctrine not applicable where a second zoning proceeding involved a larger tract); *Winpenny v. Winpenny*, 296 Pa.Superior Ct. 299, 442 A.2d 778 (1982) (wife barred from raising husband's perjury in earlier divorce proceedings at later partition action); *Jordan v. Gore*, supra (subsequent civil proceeding not barred by prior criminal action); *Lebeau v. Lebeau*, 258 Pa.Superior Ct. 519, 393 A.2d 480 (1978) (Consent to proceeding for termination of support does not forbid challenge to validity of divorce decree in later partition); *Chamberlain v. W.C.A.B.*, 59 Pa.Cmwlth.Ct. 72, 429 A.2d 110 (1981) (prior determination of continuing partial disability not controlling on subsequent issue of total disability); and *McCarthy v. Township of McCandless*, 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973) (second attempted assessment for widening street not forbidden by outcome of first assessment for original paving).

the Rules of Civil Procedure, specifically because the complaint contained no allegation that appellant was in default, and did not aver whether the bond attached was either the original or a true copy. We agree with the lower court and with the appellee that the alleged defects in procedure were formal in character and corrected by amendment to the complaint, filed pursuant to leave granted. See *West Penn Sand & Gravel Co. v. Shippingport Sand Co.,* 367 Pa. 218, 80 A.2d 84 (1951) and *George H. Althof, Inc. v. Spartan Inns,* 295 Pa.Superior Ct. 287, 441 A.2d 1236 (1982).

Order affirmed.

MONTEMURO, J., concurs in the result.